IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT, IN AND
FOR ORANGE COUNTY, FLORIDA

CASE NO.

MARK GIANASSI,

    Plaintiff,

vs.

**DEMAND FOR JURY TRIAL**

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant,
_____/

## COMPLAINT

Plaintiff, MARK GIANASSI, sues the Defendant, STATE FARM, and alleges:

### JURISDICTION, PARTIES & VENUE

1. This is an action for damages in excess of Fifteen Thousand ($15,000.00) Dollars exclusive of interest, costs and attorney's fees.

2. The Plaintiff, MARK GIANASSI, was at all times material to this cause of action and is a single man and a resident of Florida.

3. The Defendant, STATE FARM, is an insurance company conducting business in the State of Florida.

4. The Defendant, STATE FARM, is subject to the jurisdiction of this Court under section 48.193(d) of the Florida Statutes because it contracted to insure a person or property located in the State of Florida at the time of contracting.

### FACTS

5. All conditions precedent to bringing this action have occurred, have been waived, or have been otherwise satisfied.

6. Before July 20, 2013, an automobile insurance policy was purchased with the Defendant STATE FARM, under policy Number 0507810H. Kathy D. Nicholson was the "named insured" under this policy. Payment

3

for the policy was timely made by the policyholder and accepted by Defendant. Thus, sufficient consideration exists to make the insurance contract enforceable.

7. At no time during or after the purchase of this policy did Kathy D. Nicholson sign a UM rejection form for the policy. Accordingly, pursuant to section 627.727, Florida Statutes and its interpreting case law, uninsured motorist coverage applies to the policy in amounts equal to the full bodily injury limits sold on the policy, multiplied by the number of vehicles in the household. These per-vehicle limits were $100,000.00 each person/$300,000.00 each occurrence. A copy of the policy is attached hereto as Exhibit A.

8. On or about July 20, 2014, Courtney Lagasse (an uninsured/underinsured motorist), owned a 2000 Honda with license tag 9713HC, VIN #1HGCG3252YA017165

9. At the time and place, Courtney Lagasse (an uninsured/underinsured motorist), negligently operated or maintained the motor vehicle she was driving, causing it to collide with the vehicle that MARK GIANASSI was driving.

10. As a direct and proximate result of the uninsured/underinsured driver's acts or omissions, MARK GIANASSI suffered serious bodily injury.

### COUNT I

Plaintiff adopts and re-alleges paragraphs one through eleven (1-10) as if fully set forth herein.

11. The above-referenced STATE FARM policy of insurance was in full force and effect on or about July 20, 2013.

12. As a direct and proximate result of the acts and omissions of the uninsured/underinsured driver, MARK GIANASSI, suffered bodily injury and resulting pain and suffering, disability, disfigurement,

mental anguish, and loss of capacity for the enjoyment of life, together with the expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing in nature and the Plaintiff will suffer the losses in the future.

13. Defendant STATE FARM Insurance Company is contractually responsible for the damages caused by the uninsured/underinsured driver, Courtney Lagasse.

14. Defendant has broken its contractual obligations to Plaintiff by not compensating the claims of MARK GIANASSI.

WHEREFORE, Plaintiff, MARK GIANASSI, demands judgment against Defendant, STATE FARM for full compensatory damages, attorneys' fees and costs of this action, interest on the unpaid benefits and on any judgment in this action, and such further relief as this Court deems just and proper.

## COUNT II - BAD FAITH

15. Plaintiff incorporates paragraphs 1-10.

16. Upon issuance or renewal of the STATE FARM Insurance policy described herein to Kathy D. Nicholson, Defendant STATE FARM became obligated to comply with the duties prescribed in section 624.155 and section 626.951, Florida Statutes.

17. Plaintiff has performed all conditions precedent to bringing this action under Section 624.155. Florida Statutes, by providing written notice of Defendant's violations pursuant to the Civil Remedy Notice of Insurer Violation filed with the State of Florida, Department of Insurance, and mailed to Defendant STATE FARM. A copy of this Civil Remedy Notice is attached hereto as Exhibit B. The Civil Remedy Notice was filed with the State of Florida and bears the

"Filing Accepted" date of March 24, 2014. Finally, Defendant STATE FARM's response to Plaintiff's Civil Remedy notice is attached hereto as Exhibit C.

18. Upon the issuance or renewal of the policy, and pursuant to Section 624.155, Defendant had a continuing duty to act fairly and honestly towards its insureds, MARK GIANASSI, and to attempt to settle the claim of MARK GIANASSI, when under all the circumstances it could and should have done so, had it acted fairly and honestly toward MARK GIANASSI.

19. At all times relevant, Defendant knew that the full UM limits described above were inadequate to compensate the claim of MARK GIANASSI for the injuries that resulted from the July 20, 2013, collision with an uninsured/underinsured motorist.

20. To date, Defendant STATE FARM has failed and refused to pay the claim of MARK GIANASSI for the damages he sustained as a result of the acts and omissions of the uninsured/underinsured motorist, Courtney Lagasse.

21. Defendant breached its duty of good faith to the Plaintiff and acted in bad faith by failing to meet its duty to act fairly and honestly toward its insured, MARK GIANASSI, when the Defendant refused to tender its policy limits within a reasonable time after being provided with notice of the claim, and certainly after being provided with the Civil Remedy Notice pursuant to Section 624.155 of the Florida Statutes.

22. As a direct and proximate result of the Defendant's acts and omissions, Plaintiff is entitled to recover from Defendant the total amount of Plaintiff's damages, including the amount in excess of the policy limits, any interest on unpaid benefits, reasonable attorney's fees and costs, and any further damages caused by violation of a law

of the State of Florida. The total amount of Plaintiff's damages is recoverable from Defendant STATE FARM whether caused by Defendant insurer or by a third-party tortfeasor.

23. The above-mentioned acts of Defendant required MARK GIANASSI, to retain the law firm of Frank M. Eidson, P.A. to represent him in this action. Plaintiff, in his representative capacity, has agreed to pay Frank M. Eidson, P.A. attorneys' fees for his services in this action and has agreed to reimburse him for costs advanced in the prosecution of this action.

24. Plaintiff seeks to recover his full damages against Defendant pursuant to the provisions of section 624.155 and section 627.428, Florida Statutes.

25. Plaintiff seeks to recover his attorneys' fees against Defendant pursuant to the provisions of section 624.155 and section 627.428, Florida Statutes.

WHEREFORE, Plaintiff, MARK GIANASSI, demands Judgment for damages in an amount proven at trial, attorney's fees under sections 624.155, 627.727(10), and 627.428, cost of suit, prejudgment interest where applicable; and jury trial.

## COUNT III - DECLARATORY JUDGMENT

26. Plaintiff incorporates paragraphs 1-10.

27. This is an action for declaratory relief pursuant to Chapter 86 of the Florida Statutes and within the jurisdictional amounts of this Court.

28. Plaintiff brings this action to determine an actual controversy between the parties that has left parties uncertain with respect to their legal rights and responsibilities about the apportionment of liability, if any, and the total amount of any damages incurred as a result of the crash.

29. Plaintiff's statutory right to prosecute a claim for bad faith pursuant to section 624.155 is dependent, in part, on the determination of liability and total damages as a result of the crash.

30. Plaintiff's damages may exceed his policy limits with Defendant.

31. However, Florida law ever provides the amount of any verdict for underinsured benefits rendered in excess of the policy limit is not appealable and may not be binding in a subsequent bad faith action. GEICO Gen. Ins. Co. V. Bottini, 93 So. 3d 476(Fla. 2d DCA 2012); King v. Gov't Employees Ins. Co., 2012 WL 4052271 (M.D. Fla. Sept. 13, 2013).

32. There exists a bona fide, actual, present practical need for a determination of liability for the crash and the total amount of damages the crash caused Plaintiff.

33. The parties have conducted a good deal of discovery and will continue to work on the issues of liability and damages.

34. Those efforts will be wasted unless a final, appealable judgment is entered conclusively determining liability and the total amount of Plaintiff's damages caused by the crash.

35. A declaratory judgment will provide Defendant with a final judgment on liability and damages, give the Defendant the opportunity to appeal the amount of the total damages in excess of the policy limits.

WHEREFORE, Plaintiff, MARK GIANASSI, asks this Court accept jurisdiction and enter a declaratory judgment finding and determining liability and the total amount of damages the crash caused Plaintiff, including pre and post judgment interest, attorney's fees pursuant to sections 624.155 and 627.727(10) and costs, and any

8

DATED this \_\_30\_\_ day of \_\_May\_\_, 2014.

_[signature]_

FRANK M. EIDSON, ESQUIRE
FRANK M. EIDSON, P.A.
Florida Bar No.  0764795
631 W. Morse Blvd., Suite 201
Winter Park, Florida 32789
(407) 245-2887
(407)481-8189 (fax)
Attorney for the Plaintiff
frank@frankeidson.com

9