**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

**MARK GIANASSI,**

Plaintiff, CASE NO.: 6:14-cv-01078-GAP-TBS
______________________________/

vs.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,** a foreign corporation,

Defendant.
_______________________________/

**DEFENDANT-STATE FARM'S MOTION TO DISMISS PLAINTIFF-GIANASSI'S COUNTS FOR BAD FAITH AND FOR DECLARATORY JUDGMENT AND MEMORANDUM OF LAW IN SUPPORT OF STATE FARM'S POSITION**

Defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), files this Motion to Dismiss in opposition to Count 2 and Count 3 of Plaintiff's complaint. Count 2 asserts a statutory bad faith claim and Count 3 is a claim for declaratory relief. As discussed below, proceeding on these counts would be improper and therefore should be dismissed.

## BACKGROUND AND SUMMARY OF ARGUMENT

Plaintiff was injured in an automobile accident on July 20, 2013. Plaintiff alleges that the accident was caused by the negligence of the driver of the other vehicle. Plaintiff further alleges that the driver of the other vehicle was "underinsured" in that his damages exceeded the limits of his available liability coverage. Accordingly, Plaintiff commenced this action on May 30, 2014, against State Farm to recover underinsured motorist ("UM") benefits under his automobile insurance policy with State Farm.

Plaintiff asserts in his complaint claims for: (1) Count II first-party statutory bad faith under section 624.155, Florida Statutes; and (2) Count III for declaratory judgment. We anticipate that Plaintiff will propose to immediately stay the bad faith claim, conceding the claim is not currently ripe and has not yet and may never accrue. By the declaratory judgment claim, Plaintiff would seek to obtain a judgment declaring "liability" (presumably referring to State Farm's liability to pay his UM benefits under his State Farm policy, which would necessarily include a determination of the liability or fault of the alleged tortfeasor) and his "total damages" (referring to his "total damages" for the injuries he sustained in the accident that he will seek to recovery later as damages in his proposed later-to-be tried, if it ever accrues, bad faith claim pursuant to section 627.727(10), *Florida Statutes*).

As discussed in more detail below, State Farm's Motion To Dismiss Counts II (Bad Faith) and Count III (declaratory judgment) should be granted. In summary, Plaintiff's proposed bad faith claim is premature, unripe and has not accrued and, therefore, cannot properly be pled. *See Shuck v. Bank of Am.*, 862 So. 2d 20 (Fla. 2d DCA 2003); *Orlando Sports Stadium v. Sentinel Star Co.*, 316 So. 2d 607 (Fla. 4th DCA 1975). Indeed, the Florida Supreme Court has specifically held that, when such a premature bad faith claim has been pled along with a UM claim, it "should be dismissed." *Vest v. Traveler's Ins. Co.*, 753 So. 2d 1270, 1276 (Fla. 2000). A bad faith claim should be filed as a separate lawsuit and only following the conclusion of the UM lawsuit. *See Safeco Ins. Co. v. Fridman*, 117 So. 3d 16 (Fla. 5th DCA 2013); *Government Employees Ins. Co. v. King*, 68 So. 3d 267 (Fla. 2d DCA 2011) (en banc); *Allstate v. Jenkins*, 32 So. 3d 163 (Fla. 5th DCA 2010); *see also GEICO General Ins. Co. v. Harvey*, 109 So. 3d 236 (Fla. 4th DCA 2013).

Allowing Plaintiff to assert a bad faith claim in this case would also unfairly prejudice State Farm. Although Plaintiff purports to avoid the well-established law that holds allowing a bad faith claim to proceed in conjunction with a claim on the contract unfairly prejudices the insurer by suggesting the bad faith claim merely be abated, such argument is unavailing. As discussed below, allowing a bad faith to be pled in this action on the contract, even if abated, would cause State Farm irreparable harm by, among other things, destroying its federal statutory right to remove the bad faith action to federal court. *See GEICO General Ins. Co. v. Harvey*, 109 So. 3d 236, 239-40 (Fla. 4th DCA 2013).

Plaintiff's proposed claim for declaratory relief should not be allowed because it seeks relief redundant to the UM claim as to a determination of liability and otherwise seeks an advisory determination as to Plaintiff's "total damages" that might be recoverable in her unripe bad faith claim. It is well settled that declaratory judgments cannot be used to provide advisory opinions of the nature Plaintiff seeks to pursue here. *See, e.g., Santa Rosa County. v. Admin. Comm'n,* 661 So.2d 1190, 1193 (Fla.1995) and cases cited.

Indeed, such an advisory determination as to damages recoverable in a later potentially successful bad faith action have been held to be improper. *See GEICO Ind. Co. v. DeGrandchamp*, 99 So. 3d 625, 626 (Fla. 2d DCA 2012); *Government Employees Ins. Co. v. King*, 68 So. 3d 267, 269-70 (Fla. 2d DCA 2011) (en banc); *Allstate Ins. Co. v. Jenkins*, 32 So. 3d 163, 164-66 (Fla. 5th DCA 2010). Moreover, the elements necessary for this Court to exercise jurisdiction over Plaintiff's proposed declaratory relief claim do not exist given, as discussed below, there is no present need for a declaration of Plaintiff's "total damages," there is no present controversy concerning Plaintiff's "total damages," State Farm does not have a

present adverse interest in the issue of Plaintiff's "total damages," and there is no right of Plaintiff dependent upon a determination of his "total damages."

In addition to the arguments raised above, this Court lacks jurisdiction to entertain the bad faith and declaratory judgment claims. Finally, as discussed below, Plaintiff's purported rationale for ignoring the law that precludes including these claims – that these counts will avoid wastes of party and judicial resources – is wholly baseless.

## MEMORANDUM OF LAW

### I. Plaintiff's Proposed Bad Faith Claim Fails To State A Cause Of Action And, Thus, Should Be Dismissed.

It is well settled that a claim for statutory bad faith under section 624.155, *Florida Statutes*, is premature where there has not first been a final determination of liability and the "extent of damages *owed on the first-party insurance contract*." *Vest v. Traveler's Ins. Co.*, 753 So. 2d 1270, 1276 (Fla. 2000) (emphasis added). As the supreme court has held:

> [A]n insured's underlying first-party action *for insurance benefits* against the insurer necessarily must be resolved favorably to the insured before the cause of action for bad faith in settlement negotiations can accrue. It follows that an insured's claim against an uninsured motorist carrier for failing to settle the claim in good faith does not accrue before the conclusion of the underlying litigation *for the contractual uninsured motorist insurance benefits*.

*Blanchard v. State Farm Mut. Auto. Ins. Co.*, 575 So. 2d 1289, 1291 (Fla. 1991) (emphasis added). As emphasized in the foregoing holdings of the supreme court, it is the insurer's liability and the extent of damages *owed under the insurance contract*, not the insured's "total damages" resulting from the accident, that must be determined before a bad faith action accrues and which "are elements of a cause of action for bad faith." *Vest*, 753 So. 2d at 1275.

A noted above, in *Vest*, the Florida Supreme Court held that a bad faith claim under section 624.155 "is premature until there is a determination of liability and extent of damages

*owed on the first-party insurance contract*." The court went on to hold that "[s]uch a claim should be dismissed." *Id.* at 1276. The court's requirement that such premature bad faith claims "be dismissed" is in line with the well-established law that "[a]ll elements of a cause of action must exist and be complete before an action may properly be commenced." *Shuck v. Bank of Am.*, 862 So. 2d 20, 24 (Fla. 2d DCA 2003); *see also Orlando Sports Stadium v. Sentinel Star Co.*, 316 So. 2d 607, 610 (Fla. 4th DCA 1975); *Hasam Realty Corp. v. Dade County*, 178 So. 2d 747, 748 (Fla. 3d DCA 1965).

Plaintiff cannot avoid this controlling law by suggesting the bad faith claim be allowed to be pled and then abated. If the Plaintiff were to rely on the *dicta* in *Allstate Ind. Co. v. Ruiz,* 899 So. 2d 1121 (Fla. 2005), in this regard it would be misplaced. In *Ruiz*, the court was addressing permissible discovery in a bad faith action in simply stating, if a claimant brought a contract claim and a bad faith claim simultaneously, the claimant could not pursue discovery on the bad faith claim until conclusion of the contract claim. *Id.* at 1130. The court did not hold it was appropriate to plead a premature bad faith claim in a complaint for recovery under the contract. Certainly, the court's *dicta* in this regard cannot be construed as *sub silentio* overruling the controlling holding in *Vest* that premature bad faith claims "should be dismissed." 753 So. 2d at 1276. *See Puryear v. State*, 810 So. 2d 901, 905 (Fla. 2002)(supreme court does not overrule itself *sub silentio* and, where a lower court encounters an express holding from the supreme court on a specific issue and a subsequent contrary *dicta* statement on the same specific issue, the lower court is required to apply the supreme court's express holding in the former decision until such time as the supreme court recedes from that holding).

State Farm acknowledges that the district courts of appeal have indicated that prematurely filed bad faith claims can either be abated or dismissed. But in none of those cases

was the distinction at issue because the defendants either asked for or did not oppose abatement, thus, rendering those statements dicta. Under well-established law as to the appropriate disposition of prematurely filed actions – abatement or dismissal – a prematurely filed bad faith claim as is set forth here is required to be dismissed and mere abatement is inappropriate. *See Shuck*, 862 So. 2d at 24-25.

As explained in *Shuck*, where the premature element of an action is curable simply by the passage of time, abatement of the action until the cause of action matures is appropriate. *Id.* On the other hand, where an action is premature because one of its essential elements is contingent upon the occurrence of an event that may or may not occur, abatement is improper and dismissal is required:

> [W]here the mere passage of time will not cure the premature element of the claim, abatement is not an appropriate disposition, and a dismissal is required.

*Id.* at 25. In *Shuck*, the Second District held that the plaintiff's claim there was required to be dismissed because it was contingent upon plaintiff prevailing on another claim, which was uncertain, and, therefore, the mere passage of time would not cure the premature element of the subject claim. *Id.*

The same is true of Plaintiff's proposed bad faith claim here. The bad faith claim is unripe and will not even accrue unless and until Plaintiff prevails on his UM claim against State Farm. It follows that "abatement is not an appropriate disposition, and a dismissal is required" if Plaintiff were allowed to plead his bad faith claim. *Id.*

## II. Plaintiff's Proposed Bad Faith Claim Would Unfairly Prejudice State Farm And, Thus, Should Not be Allowed.

Allowing Plaintiff to bring a bad faith claim along with the underlying contractual claim for coverage and benefits under the policy would unfairly prejudice State Farm. Of course, it is

well settled that an insurer is unfairly prejudice (indeed, irreparably harmed) if a plaintiff is permitted to pursue a bad faith claim through discovery and trial in conjunction with the plaintiff's claim under the contract against the insurer. *See, e.g.*, *Illinois Nat'l Ins. Co. v. Bolen*, 53 So. 3d 388 (Fla. 5th DCA 2011); *Maryland Cas. Co. v. Alicia Diagnostic, Inc.*, 961 So. 2d 1091 (Fla. 5th DCA 2007); *OneBeacon Ins. Co. v. Delta Fire Sprinklers, Inc.*, 898 So. 2d 113 (Fla. 5th DCA 2005); *Gen. Star Indem. Co. v. Anheuser-Busch Cos.*, 741 So. 2d 1259 (Fla. 5th DCA 1999); *see also State Farm Fla. Ins. Co. v. Aloni*, 101 So. 3d 412 (Fla. 4th DCA 2012); *State Farm Mut. Auto. Ins. Co. v. O'Hearn*, 975 So. 2d 633 (Fla. 2d DCA 2008); *Progressive Select Ins. Co. v. Shockley*, 951 So. 2d 20, 21 (Fla. 4th DCA 2007); *Vanguard Fire & Cas. Co. v. Golmon*, 955 So. 2d 591 (Fla. 1st DCA 2006). If Plaintiff attempts to avoid this case law by proposing the bad faith claim be abated until after the conclusion of the UM claim (and presumably the proposed declaratory relief claim) it still does not alleviate the additional unfair prejudice to State Farm of allowing the claim to be pled in this action.

For good reasons, Florida appellate courts have criticized the practice of allowing amendments of complaints that assert a breach of contract claim to assert a bad faith claim as some form of supplemental proceeding to be pursued following completion of the contract claim. *See Allstate v. Jenkins*, 32 So. 3d 163, 165 (Fla. 5th DCA 2010); *Government Employees Ins. Co. v. King*, 68 So. 3d 267, 270 n. 3 (Fla. 2d DCA 2011) (en banc). As both the Fifth District and Second District recognized in these cases, a bad faith action is separate and distinct from a breach of contract action, and the bad faith action does not even accrue until completion of the breach of contract action. *Jenkins*, 32 So. 3d at 165; *King*, 68 So. 3d at 270. Accordingly, in order to avoid "an abundance of problems," the bad faith claim should be brought as a separate

cause of action in a new lawsuit following the conclusion of the breach of contract lawsuit.[1] *Jenkins*, 32 So. 3d at 165; *King*, 68 So. 3d at 270 and n. 3.[2]

In *GEICO General Ins. Co. v. Harvey*, 109 So. 3d 236, 239-40 (Fla. 4th DCA 2013), the Fourth District went beyond criticizing the practice and held it was a departure from the essential requirements of law to allow amendment of a complaint to assert a bad faith claim in the underlying action out of which the bad faith claim arises. Although *Harvey* involved a third-party bad faith claim, the court relied on first-party bad faith decisions, including *Vest* and *Blanchard* (both of which involved bad faith claims arising out of UM claims), in support of its holding. Specifically, the court held the bad faith action is separate and independent from the underlying action and does not arise out of the same transaction or occurrence, does not accrue at the same time, and must be filed as a separate and independent lawsuit at the conclusion of the underlying action. *Id.*

---

[1] The "problems" created by allowing such an amendment include the ability to obtain the *final determination* necessary for accrual of the bad faith claim in the first instance. The requisite final determination includes exhaustion of appellate remedies by the insurer from an adverse determination as to breach of the insurance contract. *See Illinois Nat'l Ins. Co. v. Bolen*, 53 So. 3d 388 (Fla. 5th DCA 2011); *XL Specialty Ins. Co. v. Aircraft Holdings, LLC*, 929 So. 2d 578, 587 n. 7 (Fla. 1st DCA 2006); *United Auto. Ins. Co. v. Tienna*, 780 So. 2d 1010, 1011 n.4 (Fla. 4th DCA 2001); *Michigan Millers Mut. Ins. Co. v. Bourke*, 581 So. 2d 1368, 1369-70 (Fla. 2d DCA 1991); *see also State ex rel. American Home Ins. Co. v. Seay*, 355 So. 2d 822, 824 (Fla. 4th DCA 1978). If a plaintiff is allowed to amend the complaint to include a bad faith claim before appellate review of an adverse determination on the contract claim, the adverse determination could not be included in a *final* judgment that would be subject to appeal. Although sometimes this result can be avoided if the judgment on the contract claim qualifies as a partial final judgment subject to appeal, such would certainly be questionable in this instance. *See Dalola v. Barber*, 757 So. 2d 1215, 1216-17 (Fla. 5th DCA 2000) ('[p]iecemeal appeals are not allowed for claims that are legally interrelated," dismissing appeal from declaratory judgment for insurer entered pursuant to one count of multi-count complaint where other claims against the insurer remained pending between the parties) (citing *Mendez v. West Flager Family* Ass'n, 303 So. 2d 1 (Fla. 1974)). Allowing such an amendment also deprives the under-funded court system of filing fees it is rightly due upon the commencement of a new action. *See King*, 68 So. 3d at 270 n. 3.

[2] In *Jenkins* and *King*, the courts mistakenly commented that the court in *Allstate Ins. Co. v. Sutton*, 707 So. 2d 760 (Fla. 2d DCA 1998), *receded from in King, 68 So. 3d 267* (en banc), appeared to allow for a bad faith action to be brought in the original contract proceeding. In fact, in *Sutton*, the trial court *denied* the plaintiff's motion to amend the complaint in the contract action to allege a bad faith claim, without prejudice to plaintiff filing a separate action. 707 So. 2d at 761.

The majority decision in *Safeco Ins. Co. of Ill. v. Fridman*, 117 So. 3d 16 (Fla. 5th DCA 2013) requires dismissal of Plaintiff's Bad Faith Count. In *Fridman*, the Fifth District disapproved the practice of allowing a first-party statutory bad faith claim to be added to an underlying action on the contract for UM benefits, holding the bad faith claim should be filed as a separate lawsuit at the conclusion of the underlying action on the contract. *Id.*at 19-21. The court reversed a final judgment on the contract action that had purported to reserve jurisdiction to allow an amendment of the pleadings to assert a bad faith claim, directing on remand that the trial court enter an amended final judgment declining to reserve jurisdiction to allow the proposed amendment and eliminating any reference to the excess verdict returned in the trial of the UM claim. *Id.* at 21.

**C. This Court Lacks Jurisdiction Over Plaintiff's Proposed Bad Faith Claim Given There Has Been No Determination Of State Farm's Liability And The Damages Owed Under The Insurance Contract.**

In *State Farm Mut. Auto. Ins. Co. v. Marshall*, 618 So. 2d 1377 (Fla. 5th DCA 1993), and *Dixie Ins. Co. v. Gaffney*, 582 So. 2d 64 (Fla. 1st DCA 1991), the Fifth District and the First District held that trial courts lack subject matter jurisdiction to proceed with bad faith actions before a determination of liability and the extent of damages (an excess verdict in those third-party cases) is made. In *Cunningham v. Standard Guaranty Ins. Co.*, 630 So. 2d 179 (Fla. 1994), the supreme court disapproved *Marshall* and *Dixie* to the extent they were inconsistent with its decision therein. In *Cunningham*, however, notwithstanding significant *dicta* on the subject, the court indicated it agreed with the concurring opinion of the lower court in that case that "the failure to allege and prove this element [an excess verdict against the insured] [does not] rise to the level of a jurisdictional defect *which cannot be waived*," id. at 181 (emphasis added), and merely held that the *stipulation* between the parties in that case "was the functional equivalent of

an excess judgment." *Id.* at 182. Of course, there is no waiver or stipulation in this case as to the determination of liability and the extent of damages, if any, due on the insurance contract. Indeed, the court in *General Accident Ins. Co. v. Shah*, 14 Fla. L. Weekly Fed. D218, 2001 WL 273244 (M.D.Fla. 2001), distinguished *Cunningham* on just this basis and held that a bad faith action had to be dismissed due to lack of subject matter jurisdiction because there had not yet been a determination of liability and damages (an excess verdict). Accordingly, the holdings in *Dixie* and *Marshall*, to the extent they survive *Cunningham* where there is no stipulation or waiver of the requisite determination of liability and damages on the insurance contract, and the holding in *Shah*, indicate that this Court lacks jurisdiction to allow Plaintiff to plead a bad faith claim at this time.

## II. PLAINTIFF'S COUNT FOR DECLARATORY RELIEF SHOULD BE DISMISSED.

Plaintiff's count for declaratory relief claim must be dismissed for a multitude of reasons. First, Plaintiff's seeking of a declaratory judgment, declaring State Farm's "liability" (on her UM claim), is redundant to the relief Plaintiff is already seeking by way of her UM claim and the Court should decline to exercise its discretion to entertain such a redundant claim. *See Kelner v. Woody*, 399 So. 2d 35, 38 (Fla. 3d DCA 1981) (holding that availability of other remedies supports a court's discretionary decision to dismiss a claim for declaratory relief); *Lyons v. Capi*, 188 So. 2d 909, 910 (Fla 4th DCA 1966) (affirming dismissal of claim for declaratory relief where common law action would provide "adequate and complete method of determining" the issue). Plaintiff, however, primarily seeks to pursue a declaratory judgment, declaring her "total damages" that would be recoverable in her bad faith action (if it should ever ripen) so that she can avoid the legal requirement that she prove her damages in that later bad faith action. In effect, Plaintiff seeks to have this Court issue an advisory opinion, declaring the damages she can

recover in a later bad faith action if such an action ever accrues and if she is successful in establishing State Farm's liability for bad faith in any such action. This the Court should not and, indeed, has no jurisdiction to do. Moreover, Plaintiff's arguments as to how the proposed declaratory judgment would circumvent the law she seeks to avoid are flawed as are her assertions of judicial economy.

### A. Establishing Damages Recoverable In A Bad Faith Action Arising Out Of A UM Claim – The Law Plaintiff Seeks To Circumvent.

Section 627.727(10), Florida Statutes, provides that, in a bad faith action under section 624.155 arising out of a UM claim, the "total amount of the claimant's damages, including the amount in excess of the policy limits," is recoverable, whether caused by the insurer or by the UM tortfeasor. As in any other action, plaintiffs bringing statutory bad faith actions arising out of UM claims must prove their "total damages" recoverable under section 627.727(10) (and section 624.155(8)) *in that bad faith action* as an element of the claim. *See Conquest v. Auto-Owners Ins. Co.*, 637 So. 2d 40, 43 (Fla. 2d DCA 1994) ("damages [are] a necessary element explicitly required by the language of section 624.155"), *approved*, 658 So. 2d 928 (Fla. 1995); *Conquest v. Auto-Owners Ins. Co.*, 773 So. 2d 71, 75 (Fla. 2d DCA 1998) (same). Neither section 627.727(10) nor any other statute provides that an excess verdict in an underlying UM action conclusively or otherwise establishes the insured's "total damages" in a later bad faith action or that such an excess verdict is even admissible as evidence of those damages. *See, e.g.*, §§ 624.155; 627.727(10), Fla. Stat. *See also GEICO Gen. Ins. Co. v. Bottini*, 93 So. 3d 476, 478 (Fla. 2d DCA 2012) (Altenbernd, J., concurring) (neither section 627.727 nor section 624.155 explains how the finder of fact in the bad faith action brought under section 624.155 determines the "total amount of the claimant's damages").

An appellate court has jurisdiction to review only judgments, not verdicts, on appeal. *Id.* at 478; *see* art. V, § 4(b)(1), Fla. Const; *Norm Burg Constr. Corp. v. Jupiter Inlet Corp.*, 514 So. 2d 1102, 1105 (Fla. 1987) ("[j]ury verdicts are not appealable"); *Menfi v. Exxon Co., U.S.A.*, 433 So. 2d 1327, 1329 (Fla. 3d DCA 1983) ("no appeal can be taken from a verdict"). Thus, an insurer has no ability to appeal an excess verdict returned in a UM case because the judgment entered is limited to the UM policy limit. *See Fridman*, 117 So. 3d at 19; *Nationwide Mut. Fire Ins. Co. v. Voigt*, 971 So. 2d 239, 242 (Fla. 2d DCA 2008). Accordingly, to hold that an excess verdict entered in an underlying UM action conclusively establishes an insured's damages that are recoverable against the insurer in a later bad faith action would violate the insurer's constitutional rights to due process, appeal and access to courts to challenge the insured's damages through an appeal. *See King v. Government Employees Ins. Co.*, 2012 WL 4052271, *5-6 (M.D. Fla. Sept. 13, 2012) (due process considerations dictate that an excess verdict returned in a UM trial, which is not appealable by the insurer, cannot establish the amount of damages plaintiff can recover in a later bad faith action, but rather plaintiff is required to prove recoverable damages in the bad faith action); *Harris v. GEICO Gen. Ins. Co.*, 2013 WL 4463836, *8-9 (S.D. Fla. Aug. 7, 2013) (same); *see also* Amend. 14, U.S. Const. (due process); art. I, § 9, Fla. Const.; *T.A. Enterprises, Inc. v. Olarte, Inc.*, 931 So. 2d 1016, 1018-19 (Fla. 4th DCA 2006) (article V, section 4(b)(1), and article I, section 21, grant constitutional rights to appeal and to access to courts, which must be read together).[3]

[3] Notably, in *GEICO Ind. Co. v. DeGrandchamp*, 99 So. 3d 625, 626 n. 2 (Fla. 2d DCA 2012), discussed below, the Second District cited the federal district court's *King* decision approvingly in support of its holding that a trial court should not enter a contingent judgment in a UM case preemptively determining fees that might be recoverable as damages in a later bad faith case given such contingent judgments, like excess verdicts entered in such cases, are not appealable and not controlling in the later bad faith case.

To accord UM insurers due process and their constitutional rights to appeal and access to courts, insureds must be required to prove their damages during the trial of the bad faith case. *See King*, 2012 WL 4052271, *5-6; *Harris*, 2013 WL 4463836, *8-9; *see also Government Employees Ins. Co. v. King*, 68 So. 3d 267 (Fla. 2d DCA 2011) (en banc) (discussed below); *Allstate Ins. Co. v. Jenkins*, 32 So. 3d 163 (Fla. 5th DCA 2010) (discussed below). This allows the insurer to defend against the damages claim through an appeal, if appropriate. Accordingly, an excess verdict from a UM trial cannot be used to establish an insured's recoverable damages in a later bad faith action.

**B. This Court Lacks Jurisdiction To Entertain Plaintiff's Proposed Claim For A Declaratory Judgment By Which Plaintiff Seeks A Declaration As To Her "Total Damages" Recoverable Only In Her Bad Faith Action If It Ever Accrues.**

It has long been held that parties who seek declaratory relief must show that:

> there is a bona fide, actual, present practical need for the declaration; that the declaration should deal with a present, ascertained or ascertainable state of facts or present controversy as to a state of facts; that some immunity, power, privilege or right of the complaining party is dependent upon the facts or the law applicable to the facts; that there is some person or persons who have, or reasonably may have an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law; that the antagonistic and adverse interest are all before the court by proper process or class representation[;] and that the relief sought is not merely the giving of legal advice by the courts or the answer to questions propounded from curiosity.

*May v. Holley*, 59 So. 2d 636, 639 (Fla. 1952). With regard to the last element identified in *May*, it is well settled that "Florida courts will not render, in the form of a declaratory judgment, what amounts to an advisory opinion at the instance of parties who show merely the *possibility* of legal injury on the basis of a hypothetical 'state of facts which have not arisen' and are only 'contingent, uncertain, [and] rest in the future.'" *Santa Rosa County v. Admin. Comm'n*, 661 So.2d 1190, 1193 (Fla.1995) (quoting *Williams v. Howard*, 329 So.2d 277, 283 (Fla.1976), and

*LaBella v. Food Fair, Inc.,* 406 So.2d 1216, 1217 (Fla. 3d DCA 1981)). As the Florida Supreme Court has repeatedly emphasized:

> *These elements are necessary in order to maintain the status of the proceeding as being judicial in nature and therefore within the constitutional powers of the courts.*

*Id.* (quoting *May* and *Martinez v. Scanlan*, 582 So. 2d 1167, 1170 (Fla. 1991)) (emphasis by court). Thus, absent these elements being present, a trial court lacks jurisdiction to render declaratory relief. *Id.* (citing *Martinez,* 582 So.2d at 1170 and *Ervin v. Taylor*, 66 So.2d 816 (Fla.1953)).

As discussed below, Plaintiff's proposed declaratory relief claim impermissibly seeks an advisory opinion as to her "total damages" that are recoverable, if at all, in a future bad faith action if such an action ever accrues. Moreover, essentially none of the elements necessary for this Court's jurisdiction as set forth above exist here because Plaintiff's "total damages" are not *presently* at issue, relevant or in controversy. Accordingly, this Court lacks jurisdiction to proceed on the declaratory relief claim Plaintiff seeks to pursue, rendering the proposed amendment futile and requiring denial of Plaintiff's motion for leave to amend.

**1. The advisory opinion as to Plaintiff's "total damages" recoverable in her later bad faith action that Plaintiff seeks is not properly allowed by way of a declaratory judgment.**

Plaintiff seeks to avoid his burden of establishing her damages in a later trial of her purported bad faith claim through having this Court enter a declaratory judgment as to Plaintiff's "total damages." Aside from other flaws in Plaintiff's argument discussed below, Plaintiff's proposed method of avoiding her burden of proving her recoverable damages in the trial of her bad faith claim (if it should ever ripen) is fundamentally flawed because it requires this Court to issue an advisory opinion as to Plaintiff's "total damages" in the form of a declaratory judgment.

As discussed above, it is well established that declaratory judgments cannot be used to provide advisory opinions. *See, e.g., Santa Rosa County*, 661 So.2d at 1193 .

Florida case law addressing the propriety of contingent judgments for attorneys' fees in UM actions, purportedly determining the amount of fees recoverable as damages in later bad faith actions, is on point in this regard.[4] *See GEICO Ind. Co. v. DeGrandchamp*, 99 So. 3d 625 (Fla. 2d DCA 2012); *Government Employees Ins. Co. v. King*, 68 So. 3d 267 (Fla. 2d DCA 2011) (en banc); *Allstate Ins. Co. v. Jenkins*, 32 So. 3d 163 (Fla. 5th DCA 2010). These courts have held that such contingent judgments are improper *advisory* determinations as to the amount of damages recoverable in later successful bad faith proceedings and should not be entered. *DeGrandchamp*, 99 So. 3d at 626; *King*, 68 So. 3d at 269-70; *Jenkins*, 32 So. 3d at 164-66. As held by the Second District (en banc) in *King*:

> [T]here is no reason to believe that the [court presiding over the bad faith action] would . . . conclude[] that it was bound by the [UM] court's *premature* determination of fees in the subsequent bad faith action. Obviously, if the insurance company prevails in the bad faith action, the contingent judgment becomes moot or is a nullity. In other words, such a contingent judgment is actually a factual determination *on an issue that is not yet in controversy* at the time of the determination.
>
> * * * *
>
> An action for bad faith usually is filed as a separate proceeding after the initial case is finished. The damages in a bad faith action involving underinsured motorist coverage are specified in section 627.727(10) . . . . If attorneys' fees for this [UM] appeal are an element of damages under the language of that statute . . . , those damages are awardable under section 627.727(10) [in the bad faith action]. *It is the finder of fact in the subsequent [bad faith] lawsuit that is entitled to determine the amount of those fees. We are aware of no legal authority granted to this court or the trial court [in the UM case] to predetermine those fees for the trier of fact in the subsequent [bad faith] lawsuit*.

---

[4] Such contingent judgments award attorneys' fees to successful plaintiffs for fees incurred in the UM action, contingent on the plaintiffs succeeding in subsequent bad faith actions against the UM insurers, and are based on the assumption that such fees would constitute recoverable damages in successful bad faith actions. *See* cases discussed in text.

68 So. 3d at 270 (citations and footnotes omitted; emphasis added). As the Second District characterized such a contingent judgment in a later case, it is "a preemptive determination of issues that may or may not arise in a subsequent action for bad faith." *DeGrandchamp*, 99 So. 3d at 626.

The declaratory judgment Plaintiff wants to pursue here is completely analogous to the disapproved contingent judgments awarding attorneys' fees in the foregoing UM cases. The declaratory judgment Plaintiff wants to pursue, like a contingent judgment for fees, would determine "damages" the recovery of which would be contingent on a later finding of bad faith on the part of the insurer in the bad faith action. Just as "a contingent judgment is actually a factual determination on an issue that is not yet in controversy at the time of the determination," *King*, 68 So. 3d at 270, and "a preemptive determination of issues that may or may not arise in a subsequent action for bad faith," *DeGrandchamp*, 99 So. 3d at 626, so too would be a determination by this Court of Plaintiff's "total damages" by way of the declaratory judgment Plaintiff seeks to pursue. As such, the declaratory judgment Plaintiff wants to pursue would be in the nature of an impermissible advisory opinion or determination on Plaintiff's "total damages" – an issue that is not currently in controversy and will not be in controversy unless and until Plaintiff prevails (through any appeal) on her UM claim and her proposed bad faith claim ripens.

**2. There is no present need to determine or controversy as to Plaintiff's "total damages" and State Farm does not have a present adverse interest to Plaintiff with regard to her "total damages."**

Plaintiff's apparent argument that his "total damages" are currently in controversy by way of her UM claim is simply incorrect. It is well settled that the amount of a judgment in a UM action like this cannot exceed the UM policy limits. *See Fridman*, 117 So. 3d at 19; *Voigt*,

971 So. 2d at 242. Accordingly, all Plaintiff need prove in this UM action is that her damages exceed the liability coverage limit available to the tortfeasor driver up to the UM policy limit. She need not prove she sustained any damages above the UM policy limit or her "total damages" if those damages exceed the UM policy limit as she claims. Thus, Plaintiff's "total damages" to the extent they exceed the UM policy limit are legally irrelevant to her UM claim and are not yet in controversy. Only if and when Plaintiff ultimately prevails on her UM claim (through any appeal) would her bad faith claim ripen and the amount of her "total damages" be in controversy; in other words, only then would there be a present need to determine or controversy concerning Plaintiff's total damages and would State Farm have a present adverse interest to Plaintiff in that regard.

**3. This Court lacks jurisdiction to proceed with the declaratory relief claim Plaintiff proposes to pursue.**

As discussed above, a declaratory judgment cannot be used to provide an advisory opinion of the nature Plaintiff seeks to pursue here. In addition, there is an absence of: (a) a present need for a declaration of Plaintiff's "total damages;" (b) a present controversy as to Plaintiff's "total damages;" (c) a person with a present adverse interest in the issue of Plaintiff's "total damages;" and (d) a right of Plaintiff dependent upon a determination of her "total damages" – all elements that would have to be present to confer jurisdiction on this Court to proceed with a claim for declaratory relief proposed by Plaintiff. Accordingly, Defendant's motion to dismiss should be granted.

## CONCLUSION

Based on the foregoing discussion and authorities, Plaintiff's motion to dismiss Plaintiff's claims for bad faith and declaratory relief should be granted.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing pleading has been sent by E-mail this July 2, 2014, to: **FRANK EIDSON, ESQ.**, 631 W. Morse Blvd., Ste. 201, Winter Park, FL 32789 (frank@frankeidson.com).

/s/ *Jason Breslin*________________________
**KEVIN KNIGHT**
Fla Bar No: 318892
**JASON BRESLIN**
Fla Bar No: 58264
deBeaubien, Knight, Simmons,
Mantzaris & Neal, LLP
332 N. Magnolia Avenue
Orlando, FL 32801
(407) 992-3520 Asst Direct: (407) 992-3537
FAX NO: (407) 422-0970
TKK11@DBKSMN.COM
elamb@dbksmn.com; kflaherty@dbksmn.com
mqm44@dbksmn.com
Attorneys For State Farm