# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

**MARK GIANASSI,**

    Plaintiff,                                CASE NO.: 6:14-cv-01078-GAP-TBS

_____/

vs.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,** a foreign corporation,

    Defendant.

_____/

## DEFENDANT-STATE FARM'S ANSWER AND AFFIRMATIVE DEFENSES TO COUNT I OF PLAINTIFF- MARK GIANASSI'S FIRST COMPLAINT

Defendant, **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** ("STATE FARM") files this Answer and Affirmative Defenses to Count 1 of the First Complaint filed by Plaintiff, **MARK GIANASSI** ("GIANASSI"):

### JURISDICTION, PARTIES, & VENUE

1. This is an action for damages in excess of Fifteen Thousand ($15,000.00) Dollars exclusive of interest, costs and attorney's fees.

**RESPONSE: ADMITTED FOR JURISDICTIONAL PURPOSES ONLY, DENIED OTHERWISE.**

2. The Plaintiff, MARK GIANASSI, was at all times material to this cause of action and is a single man and a resident of Florida.

**RESPONSE: WITHOUT KNOWLEDGE.**

3. The Defendant, STATE FARM, is an insurance company conducting business in the State of Florida.

**RESPONSE: ADMITTED.**

4. The Defendant, STATE FARM, is subject to the jurisdiction of this Court under section 4B.193(d) of the Florida Statutes because it contracted to insure a person or property located in the State of Florida at the time of contracting.

**RESPONSE: DENIED**

5. All conditions precedent to bringing this action have occurred, have been waived, or have been otherwise satisfied.

**RESPONSE: ADMITTED.**

6. Before July 20, 2013, an automobile insurance policy was purchased with the Defendant STATE FARM, under policy Number 0507810H. Kathy D. Nicholson was the "named insured" under this policy. Payment for the policy was timely made by the policyholder and accepted by Defendant. Thus, sufficient consideration exists to make the insurance contract enforceable.

**RESPONSE: ADMITTED.**

7. At no time during or after the purchase of this policy did Kathy D. Nicholson sign a OM rejection form for the policy. Accordingly, pursuant to section 627.727, Florida statutes and its interpreting case law, uninsured motorist coverage applies to the policy in amounts equal to the full bodily injury limits sold on the policy, multiplied by the number of vehicles in the household. These per-vehicle limits were $100,000.00 each person / $300,000.00 each occurrence. A copy of the policy is attached hereto as Exhibit A.

**RESPONSE: DENIED.**

8. On or about July 20, 2014, Courtney Lagasse (an uninsured/underinsured motorist) owned a 2000 Honda with license tag 9713HC, VIN # lHGCG3252YA017165.

**RESPONSE: DENIED THAT LAGASSE WAS AN UNINSURED/UNDERINSURED MOTORIST, ADMITTED OTHERWISE**

9. At the time and place, Courtney Lagasse (an uninsured/underinsured motorist), negligently operated or maintained the motor vehicle she was driving, causing it to collide with the vehicle that MARK GIANASSI was driving.

**RESPONSE: WITHOUT KNOWLEDGE AS TO LAGASSE'S NEGLIGENCE, ADMITTED THAT THERE WAS A COLLISION.**

10. As a direct and proximate result of the uninsured/underinsured driver's acts or omissions, MARK GIANASSI suffered serious bodily injury.

**RESPONSE: DENIED.**

## COUNT I

11. The above-referenced STATE FARM policy of insurance was in full force and effect on or about July 20, 2013.

**RESPONSE: ADMITTED.**

12. As a direct and proximate result of the acts and omissions of the uninsured/underinsured driver, MARK GIANASSI, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, and loss of capacity for the enjoyment of life, together with the expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing in nature and the Plaintiff will suffer the losses in the future.

**RESPONSE: DENIED.**

13. Defendant STATE FARM Insurance Company is contractually responsible for the damages caused by the uninsured/underinsured driver, Courtney Lagasse.

**RESPONSE: DENIED.**

14. Defendant has broken its contractual obligations to Plaintiff by not compensating the claims of MARK GIANASSI.

**RESPONSE: DENIED.**

## COUNT II – BAD FAITH

**DEFENDANT FILED A MOTION TO DISMISS COUNT II.**

## COUNT III – DECLARATORY JUDGMENT

**DEFENDANT FILED A MOTION TO DISMISS COUNT III.**

> **NOTE: TO THE EXTENT THAT ANY ALLEGATION HAS NOT RECEIVED A SPECIFIC RESPONSE, SUCH ALLEGATION IS DENIED.**

## AFFIRMATIVE DEFENSES

1.**COLLATERAL SOURCE/TORTFEASOR SETOFF**: STATE FARM is entitled to a setoff for any and all collateral source benefits available to GIANASSI and for any recovery obtained from any third party including any alleged tortfeasors.

2. **FAILURE TO REACH THRESHOLD**: GIANASSI has failed to reach the permanency threshold and GIANASSI's claims are reduced or eliminated as a result thereof.

3. **PIP/MEDPAY SETOFF**: STATE FARM is entitled to a setoff of the amount of GIANASSI's selected personal injury protection and any Medpay benefits.

4. **RESERVATION OF ALL OTHER AFFIRMATIVE DEFENSES**: STATE FARM reserves the right to assert all other affirmative defenses that become known through the course of discovery in this case.

## DEMAND FOR JURY TRIAL

STATE FARM demands trial by jury of all issues triable as of right by jury.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing pleading has been sent by E-mail this July 10, 2014, to: **FRANK EIDSON, ESQ.**, 631 W. Morse Blvd., Ste. 201, Winter Park, FL 32789 (frank@frankeidson.com).

/s/ *Jason Breslin*
**KEVIN KNIGHT**
Fla Bar No: 318892
**JASON BRESLIN**
Fla Bar No: 58264
deBeaubien, Knight, Simmons, Mantzaris & Neal, LLP
332 N. Magnolia Avenue
Orlando, FL 32801
(407) 992-3520 Asst Direct: (407) 992-3537
FAX NO: (407) 422-0970
TKK11@DBKSMN.COM
elamb@dbksmn.com; kflaherty@dbksmn.com
mqm44@dbksmn.com
Attorneys For State Farm