# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**MARK GIANASSI,**

    **Plaintiff,**

**v.**                                                            Case No: 6:14-cv-1078-Orl-31TBS

**STATE FARM MUTUAL AUTOMOBILE**
**INSURANCE COMPANY,**

    **Defendant.**

## ORDER

This matter comes before the Court without a hearing on the Motion to Dismiss (Doc. 12) filed by the Defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), and the response in opposition (Doc. 26) filed by the Plaintiff, Mark Gianassi ("Gianassi").

**A.    Background**

According to the allegations of the Complaint (Doc. 2), which are accepted in pertinent part as true for purposes of resolving the instant motion, Gianassi suffered injuries as the result of an automobile accident with an uninsured or underinsured motorist (henceforth, "UM") in July 2013. Gianassi contends that State Farm is obligated to pay for his injuries under a UM policy issued to Kathy Nicholson[1] but has refused to do so. On May 30, 2014, Gianassi filed the instant case in state court, asserting three claims: one for breach of the insurance contract (Count I): one for statutory bad faith (Count II); and one in which he seeks a declaratory judgment (Count III).

---

[1] Gianassi does not describe the relationship between himself and Nicholson or explain why State Farm would be obligated to pay for his injuries pursuant to Nicholson's policy. As far as the Court can tell, the policy itself has not been made a part of the record in this case.

On July 3, 2014, State Farm removed the case to this Court on the basis of diversity jurisdiction. (Doc. 1 at 2). By way of the instant motion, State Farm seeks dismissal of Count II and Count III.

**B.     Standards**

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," so as to give the defendant fair notice of what the claim is and the grounds upon which it rests, *Conley v. Gibson*, 35 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), *overruled on other grounds*, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  A Rule 12(b)(6) motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. *Milbum v. United States*, 734 F.2d 762, 765 (11th Cir.1984).  In ruling on a motion to dismiss, the Court must accept the factual allegations as true and construe the complaint in the light most favorable to the plaintiff.  *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir.1988).  The Court must also limit its consideration to the pleadings and any exhibits attached thereto.  FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).

**C.     Analysis**

    1.     Bad Faith Claim

In Count II, Gianassi asserts a first party bad-faith claim against State Farm pursuant to Florida Statute § 624.155(1)(b)(1), which allows anyone to bring suit against an insurer for "[n]ot attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for her or his interests".  Gianassi contends that State Farm exhibited bad faith by failing to tender the policy limits within a reasonable time after receiving notice of his claim.

A first party bad faith action is a separate and distinct cause of action from the underlying claim for UM benefits. *Allstate Ins. Co. v. Jenkins*, 32 So. 3d 163, 165 (Fla. 5th DCA 2010). In contrast to a claim for UM benefits, an insured who prevails on a bad faith claim may recover damages in excess of the policy limits. Fla. Stat. § 627.727(10). Under Florida law, a final determination as to coverage and damages for the underlying insurance claim must be made before a statutory bad faith claim can proceed. *See, e.g.*, *Progressive Select Ins. Co. v. Shockley*, 951 So. 2d 20, 20-21 (Fla. 4th DCA 2007).

Both parties recognize that a statutory bad faith claim that is filed prior to resolution of the underlying insurance claim is premature. However, they disagree as to what to do about the premature claim in the instant case. Gianassi is willing to have the bad faith claim abated until his claim for breach of the insurance contract is resolved; the Defendant, citing *Vest v. Traveler's Ins. Co.*, 753 So. 2d 1270 (Fla. 2000), argues that dismissal without prejudice is required.

It is true that, in *Vest*, the Florida Supreme Court stated that a statutory bad faith claim that has been brought prior to the determination of liability and damages on the coverage claim "should be dismissed as premature." *Id.* at 1276. The Defendant describes this statement as a holding; the Court disagrees. In *Vest*, the trial court had granted summary judgment to the defendant insurance company on the premature bad faith claim. *Id.* at 1272. On appeal, the Florida Supreme Court held that the bad faith claim, though premature, was not subject to summary judgment. In vacating the trial court's entry of summary judgment, the Florida Supreme Court did not consider whether abatement would have addressed the prematurity problem as well (or better) than dismissal without prejudice. As such, its statement that the claim should have been dismissed is mere *dicta*. *See*, *e.g.*, *Bunn v. Bunn*, 311 So. 2d 387, 389 (Fla. 4th DCA 1975) (stating that "a purely gratuitous observation or remark made in pronouncing an

opinion and which concerns some rule, principle or application of law not necessarily involved in the case or essential to its determination is *obiter dictum*, pure and simple").

The Florida appellate courts have not settled on a single course of action for handling unripe bad faith claims. A number of appellate courts have suggested that such claims may be either dismissed without prejudice or abated. *See*, *e.g.*, *Safeco Ins. Co. of Illinois v. Rader*, 132 So. 3d 941, 948 (Fla. 1st DCA 2014) (stating that premature bad faith claim "should be either dismissed without prejudice or abated"); *and see State Farm Mut. Auto. Ins. Co. v. O'Hearn*, 975 So. 2d 633, 635-36 (Fla. 2d DCA 2008) (stating that "[w]hen a plaintiff does not and cannot allege that there has been a final determination of both the insurer's liability and the amount of damages owed by the insurer, the plaintiff's bad faith claim is premature and should be either dismissed without prejudice or abated."). Within the Fourth District Court of Appeal, abatement appears to be the preferred course. *See State Farm Mut. Auto Ins. Co. v. Tranchese*, 49 So. 3d 809, 810 (quashing trial court's order denying motion to abate bad faith claim and stating that "[w]here causes of action for both the underlying damages and bad faith are brought in the same action, the appropriate step is to abate the bad faith action until coverage and damages have been determined.").

State Farm points out that, where mere passage of time will cure a claim's prematurity, Florida courts generally abate the claim, but where the claim is contingent upon the occurrence of an event that may or may not occur, Florida courts generally dismiss the claim without prejudice. *See Shuck v. Bank of America, N.A.*, 862 So. 2d 20, 24-25 (Fla. 2d DCA 2003). Because the claim in this case is contingent upon events that may or may not occur (*e.g.*, determinations by factfinders that, *inter alia*, Gianassi had coverage and that the other driver was at fault), State Farm argues that, consistent with the general rule, the bad faith claim should be dismissed.

However, State Farm has not shown that Florida courts have followed this general rule in the specific case of insurance bad faith claims. Moreover, it is at least arguable that the cause of judicial efficiency will be served by having the bad faith claim heard in a court that is already familiar with the dispute as a result of having heard the contract claim.

State Farm also argues that the decision in *Safeco Ins. Co. Of Illinois v. Fridman*, 117 So. 3d 16 (Fla. 5th DCA 2013) requires dismissal rather than abatement of the bad faith claim. State Farm contends that the *Fridman* court

> disapproved the practice of allowing a first-party statutory bad faith claim to be added to an underlying action on the contract for UM benefits, holding that the bad faith claim should be filed as a separate lawsuit at the conclusion of the underlying action on the contract.

(Doc. 12 at 9). *Fridman* contains no such holding. In *Fridman* the plaintiff had filed only a UM claim. Id. at 18. Shortly before trial was scheduled to begin, the insurance company tendered the policy limits and filed a motion for confession of judgment. *Id.* The trial court rejected the motion and required the parties to go trial, after which the jury returned a verdict exceeding the policy limits. *Id.* The appellate court reversed on the grounds that the insurance company's actions in tendering the policy limits and offering a confessed judgment mooted the UM claim, leaving nothing to be resolved at trial. *Id.* at 20. Although the appellate court did describe it as "appropriate" for the insured to file the breach claim without an accompanying bad faith claim, *id.* at 19, that assessment had nothing to do with the reversal.

As the law now stands in Florida, trial courts have the option of either abating or dismissing unripe bad faith claims. Because abatement offers at least the possibility of increased judicial efficiency for those bad faith claims that do become ripe, Count II will be abated rather than dismissed.

### 2. Declaratory Judgment

In Count III, Gianassi seeks a declaratory judgment "finding and determining liability and the total amount of damages the crash caused Plaintiff." (Doc. 2 at 6). Gianassi seeks this declaratory judgment to avoid re-litigating the issue of damages in any subsequent bad faith action.[2] He contends that there exists a "bona fide, actual, present practical need for a determination of liability for the crash and the total amount of damages the crash caused the Plaintiff," warranting the entry of summary judgment. (Doc. 2 at 6).

Gianassi seeks this declaratory judgment pursuant to Chapter 86, Florida Statutes. (Doc. 2 at 5). When a case is removed from state to federal court on the basis of diversity of citizenship, the federal court applies state substantive law and federal procedural law. *See Gasperini v. Ctr. for Humanities, Inc.,* 518 U.S. 415, 427, 116 S.Ct. 2211, 135 L.Ed.2d 659 (1996) ("[F]ederal courts sitting in diversity apply state substantive law and federal procedural law."). Both the federal Declaratory Judgment Act, 28 U.S.C. § 2201, and Chapter 86, Florida Statutes are procedural; they do not create or change any substantive rights. *See, e.g.*, *Nirvana Condominium Ass'n, Inc. v. QBE Ins. Corp.,* 589 F.Supp.2d 1336, 1343 n.1 (S.D.Fla. 2008) (stating that Chapter 86 is "a procedural mechanism within the Civil Practice and Procedures Chapters" and does not "confer any substantive rights"). Accordingly, the Court is obligated to treat Count III as if it sought relief under the federal Declaratory Judgment Act rather than Chapter 86, Florida Statutes.

---

[2] Should Gianassi prevail on his breach of contract claim, any damages award would be reduced to the policy limit. *See Nationwide Mut. Fire Ins. Co. v. Voigt.* 21 So. 3d 895 (Fla. 2d DCA 2009). Although the issue is unsettled, there is at least some Florida case law holding that, because of this reduction, the jury's determination as to the total amount of damages is not entitled to preclusive effect in the subsequent bad faith action – *i.e.*, that the issue of damages must be relitigated in a second trial. *See King v. Government Employees Ins. Co.*, 2012 WL 4052271 (M.D.Fla. Sept. 13, 2012).

The Declaratory Judgment Act provides that, "[i]n any case of actual controversy within its jurisdiction … any court of the United States … may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The standard for determining whether an "actual controversy" exists within the meaning of the Declaratory Judgment Act is the same as that under the "case or controversy" requirement of Article III of the Constitution. *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239-40, 57 S.Ct. 461, 463, 81 L.Ed. 617 (1937). The Supreme Court has defined a "controversy" in the Constitutional sense as

> one that is appropriate for judicial determination.... The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests.... It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.

*Hendrix v. Poonai*, 662 F.2d 719, 721 (11th Cir. 1981) (citing *Haworth*, 300 U.S. at 240-41, 57 S.Ct. at 464).

As things now stand, no actual controversy exists that would support entry of a declaratory judgment. Gianassi's damages as to his contract claim are limited to the amount of the policy. The question of whether he suffered damages in excess of policy limits will only become relevant if he prevails on the contract claim so as to be able to proceed on a bad faith claim. If Gianassi loses the contract claim, or if he obtains a judgment in an amount less than the policy limits, the damages issue which this judgment would address never arises. Because of this, the controversy is insufficiently "definite and concrete" to satisfy the requirements of the Constitution.

Moreover, even if that threshold had been cleared, what Gianassi seeks is not a proper subject of declaratory relief. Gianassi is not seeking to resolve an issue as to his "rights and other legal relations," as required by the Declaratory Judgment Act. 28 U.S.C. § 2201(a). What he

seeks is a determination that any finding as to damages by the jury in the first trial will be afforded *res judicata* effect in any subsequent trial on his bad faith claim. This is not a question as to his rights *vis-a-vis* State Farm, it is a question of his rights under the legal system.

In addition, the underlying controversy to which this declaratory judgment would be addressed is whether State Farm exhibited bad faith in attempting to settle Gianassi's UM claim.[3] Were the Court to enter the requested declaratory judgment as to Gianassi's damages, it would not resolve the controversy, as damages are just one element of a bad faith claim. Regardless of the treatment afforded the jury's damages determination from the first proceeding, Gianassi would still have to prove that State Farm acted in bad faith to prevail in the second one. *See, e.g., Vest*, 753 So. 2d at 1275 ("Even when it is later determined by a court or arbitration that the insurer's denial was mistaken, there is no cause of action [for bad faith] if the denial was in good faith."). Declaratory judgments are intended to provide complete relief as to a particular controversy, not to carve out a discrete legal issue for advance resolution. *Calderon v. Ashmus*, 523 U.S. 740, 748-49, 118 S.Ct. 1694, 1699-1700, 140 L.Ed.2d 970 (1998) (finding declaratory judgment not appropriate in case where class of plaintiffs sought to determine which chapter of federal law would govern their habeas proceedings because "[a]ny judgment in this action would not resolve the entire case or controversy as to any [class member], but would merely determine a collateral legal issue governing certain aspects of their pending or future suits."). Accordingly, Gianassi cannot properly seek declaratory relief here.

### IV. Conclusion

In consideration of the foregoing, it is hereby

---

[3] Or, more precisely, this *will be* the controversy if Gianassi prevails on his breach of contract claim so as to proceed on his bad faith claim.

**ORDERED** that the Motion to Dismiss (Doc. 12) is **GRANTED IN PART AND DENIED IN PART**.   Count II is **ABATED** pending resolution of Count I, and Count III is **DISMISSED WITH PREJUDICE**.   In all other respects, the motion is **DENIED.**

**DONE** and **ORDERED** in Chambers, Orlando, Florida on October 7, 2014.

**GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Party